UNITED STATES DISTRICT COURT
DISTRICT OF NORTH DAKOTA
NORTHEASTERN DIVISION
Case No. 2:09-cv-4

Warsaw Sugar Beet Association LP I,                                        Plaintiff,

vs.

Federal Crop Insurance Corporation,                                        Defendant.

COMPLAINT

Plaintiff, for its cause of action against defendant, states and alleges as follows:

I.

This court has jurisdiction pursuant to 7 U.S.C. § 6999, 7 U.S.C. § 1501 et. seq., and 7 C.F.R. § 400 et. seq.

II.

Plaintiff is a North Dakota limited partnership engaged in the business of sugarbeet farming in the North Dakota counties of Grand Forks, Pembina, and Walsh, in 2006.

III.

The Federal Crop Insurance Corporation (FCIC) is an agency of and within the Department of Agriculture and a corporation established pursuant to 7 U.S.C. § 1503, with principal offices of the corporation located in the District of Columbia. The Risk Management Agency (RMA) is an agency of the United States Department of Agriculture which operates and manages the FCIC. The FCIC provides crop insurance to American farmers, sold and serviced by private insurers.

IV.

This dispute arises out of a claim of indemnity due plaintiff under the sugarbeet provisions of the common crop insurance policy (MPCI policy) sold by Ace Property and Casualty Company to plaintiff, serviced by Rain and Hail, LLC and reinsured by FCIC.

V.

In 2006, plaintiff purchased an MPCI policy, policy no. 0629400, for its sugarbeets in Grand Forks, Pembina, and Walsh Counties, insuring 520.7 acres. The policy was purchased through the insurer's agent, Renae Fayette, AgCountry Farm Credit Services, Grafton, North Dakota. The insured units consisted of field headlands and openings.

VI.

Plaintiff sustained a production loss due to drought that was an insurable loss under the terms of the policy in the approximate amount of $241,000.00.

VII.

In an adverse decision dated May 25, 2007, the Risk Management Agency determined that no indemnity was due plaintiff on MPCI policy no. 0629400 for plaintiff's 2006 crop loss on its sugarbeets. A copy of the May 25, 2007 letter from Douglas M. Hagel, Director, Risk Management Agency, Billings Regional Office, is attached hereto as Exhibit A and incorporated herein by reference.

VIII.

Plaintiff appealed from the adverse decision of the Risk Management Agency to the National Appeals Division, and requested a hearing. An in-person hearing was held before NAD hearing officer Richard L. Nelson on August 30, 2007. The hearing was reopened on September 28 by the hearing officer, and an additional in-person hearing was held on November 20, 2007.

IX.

In an appeal determination dated January 24, 2008, the hearing officer determined that the RMA decision was not erroneous, and upheld the adverse decision of the RMA that plaintiff was not entitled to recover indemnity for its 2006 sugarbeet production loss. The decision of Hearing Officer Nelson was a final determination of the Department of Agriculture. A copy of the January 24, 2008 appeal determination is attached hereto as Exhibit B and incorporated herein by reference.

X.

The adverse decision of the RMA, as upheld by the National Appeals Division Hearing Officer, is unsupported by substantial evidence, erroneous, arbitrary and capricious, and not in accordance with existing law.

XI.

Plaintiff has sustained an insurable loss on its 2006 sugarbeet crop and is entitled to indemnity in the approximate amount of $241,000.00 under policy no. 0629400, plus interest.

WHEREFORE, plaintiff demands judgment as follows:

A.   Determining that the adverse decision of the Risk Management Agency, as upheld by the National Appeals Division Hearing Officer, is unsupported by substantial evidence, erroneous, arbitrary and capricious, and not in accordance with existing law.

B.   Reversing the final determination of the Department of Agriculture dated January 24, 2008.

C.   Determining that plaintiff has sustained an insurable loss on its 2006 sugarbeet crop in the approximate amount of $241,000.00.

D.  Ordering judgment against defendant and in favor of plaintiff in the amount of the indemnity due under policy 0629400, plus interest.

E.  Awarding such other and further relief as the Court deems just and proper.

PEMBERTON, SORLIE, RUFER<br>
& KERSHNER, P.L.L.P.

Dated: January 21, 2009

By /s/ H. Morrison Kershner
H. Morrison Kershner, No. 04128
Attorneys for Plaintiff
110 North Mill Street - P.O. Box 866
Fergus Falls, Minnesota  56538-0866
Telephone: 218-736-5493
m.kershner@pemlaw.com

HMK:vks
2007-4317